## Goff et al. v. Charles.

### April 18, 1939.

R. Monroe Fields, Judge.

STRATTON & STEPHENSON for appellants.

STEELE & VANOVER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Mrs. Sarah Charles, the sole legatee of her husband, Thomas Charles, sued Felon Goff and the administrator of the estate of James A. Goff, deceased, on two notes. One is for $500, dated August 12, 1927, and the

other for $300, dated January 12, 1933, bearing a credit of $100 on March 15, 1934. James A. Goff had endorsed the notes as surety. The defendants pleaded that the $500 note was the third renewal of a note originally executed August 12, 1924; that it had been satisfied by a renewal, and that the $300 note was the ninth renewal of the same original note, less payments set forth in the answer. They pleaded the original note and the series of renewals contained usury and averred that when the transactions had been purged the defendants owed the plaintiff $67.30 on the $300 note, and no more. The affirmative allegations were controverted of record.

On July 10, 1935, there was a jury trial and verdict for the plaintiff for the entire sum asked. This was set aside and the case transferred to equity and referred to the Master Commissioner because of the involvement of complicated accounts. A similar order was again made in April, 1937. On September 6, 1937, the defendants filed an amended answer pleading that neither Thomas Charles nor the plaintiff, Sarah Charles, had ever listed either of the notes for taxation or paid taxes thereon and by reason thereof, under the terms of Section 4019a-13, Kentucky Statutes, the plaintiff was barred from prosecuting her action. A motion to strike this amended answer on the ground of delay was seasonably made. Without waiving the motion but "relying on same," the plaintiff filed a reply denying in general terms that the notes had not been returned for taxation. Depositions for the defendants on their original defense had been taken in the previous July.

On the first day of a special April, 1938, term of court, the Master Commissioner filed a report that the plaintiff was entitled to judgment for all she asked, except that there was a "scintilla of evidence which tends to show that at least some usury may have been paid" on the $300 note, and by reason thereof the plaintiff had forfeited her right to any interest on it; that therefore the plaintiff was entitled to recover a balance of $200 on that note, in addition to all of the $500 note and interest. This report was ordered "to lay over for exceptions" but no time was stipulated. On the fifth day of the term a judgment was entered reciting that the report had been filed more than three days and no exceptions filed. The court adjudged its confirmation and recovery for the plaintiff accordingly. On the eighth day of the term the defendants moved to set aside the

judgment and tendered exceptions to the commissioner's report. The grounds for the motion were: (1) The case was pending on motion to strike the amended answer; (2) the report was not only premature but had been filed when defendants' counsel was not present in court; (3) proof was taken by the commissioner before the amended answer was filed and he had ignored it; (4) whenever the motion to strike the amended answer should be passed on, if overruled, the defendants desired to take proof to sustain its allegation; (5) the case had not been submitted for judgment or any motion made to confirm the report and the judgment had been entered in the absence of counsel when the case was not under submission and without their knowledge; and (6) the judgment was rendered without the court considering the record. Counsel filed an affidavit to support the charge that the report had been filed without their actual knowledge. But there is a contradictory affidavit also filed. After the motion was made, but before it was passed on, the defendants took a deposition proving that the notes had not been listed for taxation and offered to file same. The court overruled the motion to set aside the judgment and permit the filing of the exceptions to the commissioner's report and to this deposition, and let the judgment stand. From this order and the original judgment the defendants bring an appeal.

It seems to us that the motion to set aside the judgment should have been sustained. It is true the case had been pending a long time, but the offered amended answer presented a substantial statutory reason for an abatement of the suit and the motion to strike it was not a mere dilatory tactic but a very material counter-defense. Its pendency undoubtedly lulled the adversary parties into believing the commissioner would not proceed to a final determination until the question had been settled by the court whether or not they would be permitted to raise the issue and take evidence thereon. We think, therefore, that the commissioner's report and the judgment were premature and that the court should have sustained the motion to set aside the judgment and permitted the filing of exceptions. We express no opinion as to the merits of the case or what discretion the court should exercise in the matter of permitting the filing of the amended answer.

The judgment is reversed.